## GUS. RUTHERFORD vs. THE STATE.

### COURT OF APPEALS, TYLER TERM, 1883.

*Practice—Manslaughter—Charge of the court—Evidence.* Every theory presented by the evidence in the case, demands of the court a charge thereon, whether strongly or weakly supported by the testimony. If there be evidence tending to support it, the law must be directly and pertinently applied thereto. The jury, and the jury alone, must pass upon the strength of the evidence. which tends to support the theory. Nor can the evidence be so full and complete in favor of one theory as to preclude evidence or excuse the court in refusing or failing to charge the law relative to another theory. Note the opinion for evidence in a murder trial *held*, to demand a charge upon manslaughter. Note also that upon rehearing, it is held that such omission in the charge is error, so far to the prejudice of defendant, that this court will revise though exceptions were not presented below, and no special charge on the question was requested.

*Same—Negligent Homicide.* Note the opinion for evidence held not to warrant a charge upon negligent homicide.

Appeal from Harris County.

P. K. Ewing for the appellant.

J. H. Burts, Assistant Attorney General, for the State.

Opinion by Willson, J.

On a former day of this term the judgment in this case was affirm-

ed without a written opinion. When the case was submitted it was upon a brief for the State only, there being no appearance for the defendant by brief or otherwise. Upon our examination of the case at that time, finding no exceptions in the record to the charge of the court, and that no special charge had been requested by the defendant, although we believe the charge should have instructed the jury upon the law of manslaughter, we were of the opinion that the omission to do so not being excepted to, was not such error as was calculated to injure the rights of the defendant, and did not therefore require a reversal of the judgment. On this motion for rehearing, counsel for defendant has, by an able brief, called our attention more particularly to the question in the case, and upon a re-examination of the evidence in the case, and of the authorities cited by counsel, we are convinced that our former view and disposition of the case were erroneous, and we therefore grant the motion for a re-hearing and set aside the judgment of affirmance.

Upon a careful review of the facts in the case, we think that a charge upon the law of manslaughter was required, and that the failure of the court to give such charge was calculated to prejudice the rights of the defendant. It is true that the attention of the court was not called to this omission either by exception to the charge or by charges requested, but it is made the ground for a new trial, and being such error, in our judgment, as was well calculated to injure the rights of the defendant, we cannot refuse to re-consider it.

That our opinion may be understood, we will cite some of the testimony in the case, substantially as we find it in the record.

Deceased, defendant, and several others were in a saloon. In passing deceased, defendant stumbled over his, deceased's feet, and deceased cursed him and called him a d——d son of a b——h. Defendant asked deceased to excuse him, but deceased kept on cursing him although persons present tried to quiet him, and prevail upon him to desist. Deceased handed a bottle of whisky to one of the persons present, and then, turned his back to defendant as if to walk away, at the same time putting his hand into his pocket and drawing from thence a knife which he seemed to be trying to open with both hands, and he was in the act of again turning upon defendant—had turned about half way around—when defendant, without moving from his position, seized a piece of timber, which was near by, struck deceased one blow on the head with it, then threw down

the piece of timber, and walked out of the house. The blow thus inflicted produced the death of the deceased in a few minutes. Deceased was a notoriously desperate man. This was his general reputation. Defendant was an amiable, peacible, quiet citizen. When deceased fell, a knife was found in his hand, but it was unopened. There is but little conflict in the evidence, and the above statement of the case is not materially contradicted by any of the testimony. Would not these facts justify the conclusion that the homicide might have been committed under the immediate influence of sudden passion, arising from an adequate cause. If the defendant struck the mortal blow acting under the immediate influence of sudden passion, either rage, sudden resentment or terror, rendering his mind incapable of cool reflection, and if this sudden passion arose from an adequate cause then the homicide would not be murder, but manslaughter. Was there adequate cause to justify sudden passion sufficient to render the mind incapable of cool reflection? By adequate cause, the law means such cause as would commmoly produce passion in a person of ordinary temper sufficient to render the mind incapable of cool reflection. Here the defendant had been ·grossly insulted and abused by the language of the deceased, and these insults and the abuse were being continued, and the deceased was in the act apparently of preparing to make a deadly assault upon defendant with a knife, and besides this, deceased was a notoriously desperate man. Such being the fact, we think it very natural that a person of ordinary temper would be aroused to a degree of sudden passion, sufficient to render his mind incapable of cool reflection. It would require, we think, a man of extraordinary coolness and bravery, to remain free from ·sudden and violent passion, and to refrain from prompt and decisive action under such circumstances. While such a state of facts would not constitute justifiable homicide, still we think they would well warrant a jury in finding that they did not constitute murder, and therefore, the issue of manslaughter should have been submitted in the charge. Every theory presented by the evidence in the case, demands of the court a charge thereon, whether strongly or weakly supported by the testimony. If there be evidence tending to support it, the law must be directly and pertinently applied thereto.

The jury, and the jury alone, must pass upon the strength of the evidence which tends to support the theory. Nor can the evidence

be so full and complete in favor of one theory as to preclude evidence or excuse the court in refusing or failing the charge the law relative to another theory. McLaughlin vs. The State, 10 Tex. Ct. App. 340.

We are of the opinion that the facts of this case did not require a charge upon the law of negligent homicide, and that the court therefore did not err in omitting to give such charge.

While the charge of the court upon self-defense is very brief, still it is comprenensive and more favorable perhaps to the defendant than the rule of law would warrant, and he has no good reason to complain of it.

We shall not pass upon the question as to the sufficiency of the evidence to support a conviction for any degree of homicide. That is a question primarily for the jury to determine, under proper instructions from the court.

Because the court erred in failing to charge the law of manslaughter, and because we think this omission in the charge was calculated to injure the rights of the defendant, the judgment is reversed and the cause remanded.